IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: MIKE CARROLL )<br>  )<br>Debtor )<br>_____ )<br>  )<br>MIKE CARROLL )<br>  )<br>Movant )<br>  )<br>v. )<br>  )<br>SAMUEL L. KAY, )<br>Clerk of Court )<br>  )<br>Respondent ) | CHAPTER 13 CASE<br>NUMBER <u>07-50098</u><br><br>**FILED**<br>at 5 O'clock & 00 min P M<br>Date 7-5-07<br><br>Samuel L. Kay, Clerk<br>United States Bankruptcy Court<br>Brunswick, Georgia | |

**MEMORANDUM OPINION**

This matter comes before me on the Motion to Re-instate Case and for Other Relief ("Motion") filed by the Debtor against Samuel L. Kay, Clerk of Court for the United States Bankruptcy Court for the Southern District of Georgia ("Clerk"). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

The Debtor alleges that the Clerk engaged in the unauthorized practice of law by entering an order under Interim Rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Interim Rule 1007(c)") dismissing this chapter 13 case for

failure to file payment advices as required by 11 U.S.C. § 521(a)(1)(B)(iv). The Debtor further alleges that Interim Rule 1007(c) is invalid because its 15-day time limit for filing payment advices modifies substantive rights granted by 11 U.S.C. § 521(i).

Because the chapter 13 trustee did not oppose the Motion, I ordered the case reinstated following a hearing on March 29, 2007. In this Memorandum Opinion, I address the allegations in the Motion and conclude that the Clerk's actions did not constitute the unauthorized practice of law and that regardless, the Clerk is protected in this instance by derived judicial immunity. In addition, I conclude that Interim Rule 1007(c) does not modify any substantive right granted by 11 U.S.C. § 521(i).

## BACKGROUND

On February 14, 2007, the Debtor filed his chapter 13 petition and plan. The next day, on February 15, the Clerk's staff electronically docketed and served a Deficiency Notice Requiring Debtor to File Necessary Papers ("Deficiency Notice"). The Deficiency Notice stated that Employee Income Records ("Payment Advices") were due by March 1, 2007, and that failure

of the Debtor to timely file these documents would result in dismissal of the case with prejudice.

The Debtor did not file Payment Advices and did not move for an extension of time to file them before the March 1 deadline set out in the Deficiency Notice. On March 15, 2007, the Clerk's staff electronically entered a form order under my electronic signature dismissing the case with prejudice before confirmation ("Dismissal Order"). The next day, on March 16, the Debtor filed the Motion as well as the past-due Payment Advices.

## DISCUSSION

### I. Interim Rule 1007(c)

A debtor under chapter 13 is required to file, among other documents, "copies of all payment advices or other evidence of payment received within 60 days from the date of the filing of the petition, by the debtor from any employer of the debtor." 11 U.S.C. § 521(a)(1)(B)(iv). Interim Rule 1007(c) prescribes a time limit by which the payment advices must be filed, i.e., "with the petition or within 15 days thereafter."

Interim Rule 1007(c) was promulgated under the power of the United States Supreme Court to make general rules regarding forms, practice, and procedure in bankruptcy cases. See 28 U.S.C.

§ 2075. "Such rules shall not abridge, enlarge, or modify any substantive right." Id. Here, the Debtor alleges that Interim Rule 1007(c) modifies substantive rights under § 521(i)(1), (3), and (4) and thus is invalid.

Section 521(i)(1) provides in pertinent part that

> if an individual debtor in a voluntary case under Chapter 7 or 13 fails to file all of the information required under subsection (a)(1) [including payment advices] within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

The Debtor incorrectly interprets this provision to mean that he had 45 days in which to file payment advices before his case could be dismissed. Correctly interpreted, this provision means that a debtor has *no more than* 45 days in which to file payment advices, whereupon his case would be *automatically* dismissed. A debtor may be required, consistent with § 521(i)(1), to file payment advices earlier than 45 days after the filing of the petition, and upon failure to file, be subject to a court-ordered dismissal of the case. Interim Rule 1007(c) thus does not abridge, enlarge, or modify any substantive

right under § 521(i)(1) by requiring the debtor to file payment advices within 15 days.[1]

Section 521(i)(3) provides that if a debtor moves for an extension of time within 45 days after the date of the filing of the petition, the court may allow the debtor up to 45 additional days to file the payment advices to avoid an *automatic* dismissal. The Debtor interprets this provision to allow him 45 days beyond the filing date of the petition to move for an extension of time. Again, the Debtor is incorrect. Section 521(i)(3) prescribes a time limit beyond which a court may not consider a request for extension of time, not a time period during which such a motion must be allowed.

Finally, § 521(i)(4) provides that the court may decline to dismiss the case "on the motion of the trustee filed before the expiration of the applicable period of time." Under the same reasoning applied previously, § 521(i)(4) provides a time limit beyond which a court may not entertain a motion by the

---

[1] The Debtor's case was subject to dismissal under 11 U.S.C. § 1307(c)(9), regardless of any effect of Interim Rule 1007(c) on the operation of § 521(i). Section 1307(c)(9) provides dismissal for "failure of the debtor to file, within fifteen days . . . after the filing of the petition commencing such case, the information required by paragraph (1) of section 521." (Because § 521(a)(1) was codified as § 521(1) before the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), it is reasonable to conclude that the unchanged reference to § 521(1), a subsection that no longer exists following BAPCPA, is a drafter's oversight and that the required "information" includes payment advices under § 521(a)(1)(B)(iv).)

trustee, not a time period during which a court must entertain such a motion.

Because all of the statutory subsections challenged by the Debtor specify a time limit beyond which certain events *may not* occur, prescribing an earlier time limit by which those events *must* occur does not alter substantive rights under § 521(i). Consequently, Interim Rule 1007(c) does not abridge, enlarge, or modify any rights granted under § 521(i)(1), (3), or (4).

## II. Unauthorized Practice of Law

Just as judges are entitled to absolute immunity for actions taken in the judge's judicial capacity, so also are non-judicial officers entitled to derived or quasi-judicial immunity when they perform tasks "so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).

Here, the Debtor complains that the Clerk "unilaterally dismiss[es] cases thereby depriving all parties of substantive rights [and that such conduct] constitute[s] the unauthorized practice of law," implying that entry of the Dismissal Order not

only exceeded the Clerk's legitimate authority, but also breached a professional boundary. The Debtor is incorrect.

First, the *authorized* practice of law does not permit an attorney to involuntarily dismiss a debtor's case. Involuntary dismissal is a purely judicial function. The complained-of actions simply have nothing to do with the practice of law, nor do they amount to a usurpation of the judicial function.

Second, the Clerk entered the Dismissal Order under my authority and in accordance with Interim Rule 1007(c) and Local Bankruptcy Rule 1007-1.[2] In short, the Clerk was following my instructions as set forth in Local Bankruptcy Rule 1007-1 and doing his job. Implementation of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of Georgia is a task so integrally intertwined with the judicial process that judicial immunity extends to the responsible non-judicial officer. The Clerk is thus immune to prosecution on the unauthorized practice of law allegation.

---

[2] Consistent with Interim Rule 1007(c), Local Bankruptcy Rule 1007-1 provides that

> [i]n any case where lists, schedules and statements are not filed at the time of the filing of a voluntary petition, an order of dismissal shall be entered unless the same are filed within fifteen (15) days after the filing of the petition, or a motion to extend time for filing lists, schedules and statements has been filed prior to the expiration of the fifteen day period.

## CONCLUSION

For the foregoing reasons, I hold that in this instance the Clerk did not engage in the unauthorized practice of law and additionally is absolutely immune from prosecution on any such allegation. Further, I hold that Interim Rule 1007(c) does not modify any substantive right granted by 11 U.S.C. § 521(i).

John S. Dalis
United States Bankruptcy Judge

So Ordered and Dated at
Brunswick, Georgia,
this ⧸↧ day of July, 2007